UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christopher Jamie Davis, | ) | CR No.:  4:12-cr-00267-RBH |
| | ) | Civil No.: 4:15-cv-03019-RBH |
| v. | ) | |
| | ) | **ORDER** |
| United States of America | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court on Petitioner Christopher Jamie Davis' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

I.    BACKGROUND AND PROCEDURAL POSTURE

Petitioner was charged in a three count indictment with possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count One); felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) and 924(e) (Count Two); and using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three).  Defense counsel Assistant Federal Public Defender James P. Rogers filed a motion to suppress the evidence seized at a traffic stop from a bag found by police under the vehicle.  This Court held a hearing and denied the motion by written order, finding that Petitioner abandoned the bag by attempting to secrete it under the car during the traffic stop and that he therefore had no objectively reasonable expectation of privacy in its contents.  Petitioner conditionally pleaded guilty to Count Three of the indictment on November 28, 2012 in a plea agreement pursuant to

1

Fed.R.Cr.P. 11(c)(1)(C) agreeing to a stipulated sentence of twenty (20) years and preserving his right to appeal the ruling on the suppression motion. On April 10, 2013, the court sentenced Petitioner to 240 months imprisonment [twenty (20) years], followed by a five (5) year term of supervised release. The Petitioner appealed this Court's ruling on the suppression motion to the Fourth Circuit Court of Appeals. The Fourth Circuit held by opinion dated June 30, 2014 that the probable cause to search the car extended to the bag and that the search of the bag was a reasonable search under the Fourth Amendment.

Petitioner returns to this court by way of petition filed July 28, 2015[1], to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He contends that his trial counsel, James P. Rogers, denied him effective assistance of counsel. Trial counsel filed an affidavit regarding his representation of Petitioner on August 5, 2015. The government filed a response to the petition on August 25, 2015, together with a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised petitioner of his right and obligation to respond to the motion for summary judgment, which response Petitioner filed on October 6, 2015. The petitioner indicated in his response to the motion that the government had referenced the affidavit of defense counsel in its memorandum but did not mail him the affidavit. Therefore, this Court directed the Clerk in a text order (ECF No. 104) to mail the affidavit to the petitioner and to enter a second Roseboro Order giving the petitioner an additional thirty-four (34) days in which to file a response to the government's motion for

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

2

summary judgment. The Clerk complied with the order and entered the second Roseboro Order on October 28, 2015 and mailed the text order, affidavit of counsel, and second Roseboro Order to the petitioner. The response under the second Roseboro Order was due by December 3, 2015. No additional response has been filed. Therefore, the motion for summary judgment (ECF No. 99) is ripe for ruling.

## II. Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon,* 205 Fed. Appx. 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon,* 231 F.3d 923, 925-27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving

3

inconsistencies beyond the record." *United States v. Robinson,* 238 Fed. Appx. 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson,* 495 F.3d 134, 139-40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.'" *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States,* 68 F.3d 238, 240 (8th Cir. 1995)).

A guilty plea is a solemn, judicial admission of the truth of the charges against an individual; thus, a criminal inmate's right to contest the validity of such a plea is usually foreclosed. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977) (Guilty pleas "carry a strong presumption of verity" and, as a result, present "a formidable barrier in any subsequent collateral proceedings."). "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey,* 974 F.2d 1389, 1394 (4th Cir. 1992). In evaluating ineffective assistance of counsel claims presented after entry of a guilty plea, the defendant's statements made under oath at the plea hearing, affirming satisfaction with counsel's representation, are binding on the defendant, absent clear and convincing evidence to the contrary. *United States v. Lemaster,* 403 F.3d 216, 221-22 (4th Cir. 2005). "[T]he truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict sworn statements." *Id.*

4

After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be denied for the reasons set out in this order.

III.    GROUNDS FOR PETITION

Petitioner contends in his Petition that his trial counsel denied him effective assistance of counsel by failing to properly investigate the case; advising him not to accept a favorable plea deal early in the case; and failing to appeal the sufficiency of the evidence.[2]

A. INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255.  To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  A court need not address both components of this inquiry if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

Regarding "deficient performance," the court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689 (judicial scrutiny of counsel's performance must be highly deferential). While an attorney has a duty to

---

[2]  Petitioner makes the bare allegation that Rogers failed to file a motion for rehearing en banc, as he allegedly requested.  However, he does not make this argument in his memorandum. Regardless, the argument lacks merit for the same reasons set forth herein regarding counsel's failure to raise certain issues by way of direct appeal.

investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if she fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id.* A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

Construing petitioner's motion liberally, the court finds his claim of ineffective assistance of counsel to be without merit. Therefore, he cannot show that he was prejudiced by his counsel's performance.

**Alleged Failure to Investigate**

Petitioner first asserts that his attorney, Rogers, "failed to investigate Davis' defense witnesses and misadvised Davis on the potential for his legal . . . Impossibility defense." (ECF No. 85-1, p. 3) Petitioner states that he told Rogers that he had "just returned when stopped by Aynor City Police Department from trading fake cocaine/crack cocaine (Creatine) with Robert Dayz in exchange for the two firearms seized during the traffic stop . . ." *Id.* Petitioner states that he requested Rogers to contact Jamelle Sanders, the driver of the vehicle, and Robert Dayz, who was present when the exchange of fake drugs for the guns occurred. He attaches

6

declarations of Sanders and Dayz, in which they state that no one contacted them on Davis' behalf prior to Davis' conviction to determine whether they could provide "favorable or exculpatory testimony on his behalf." (Sanders Decl., ECF No. 85-2, p. 3 and Dayz Decl., ECF No. 85-2, p. 4) Petitioner asserts that, "[i]n a subsequent meeting, Rogers advised Davis that upon his investigation of his case, Sanders and Dayz did not provide him with any information that was favorable" and that the "Impossibility defense" did not apply due to "lack of proof." He asserts that Rogers advised him to plead guilty. Davis contends that the declarations of Sanders and Dayz show that fake cocaine and crack cocaine were exchanged for the guns which were seized from the vehicle and that, had Rogers obtained the declarations, then he could not have been convicted of use of a firearm in a drug trafficking offense and that the guilty plea was thus involuntary. He further asserts that, "but for Rogers' failure to investigate and mistrepresentation of the results of this investigation," he would not have entered a guilty plea and would have proceeded to trial.

Rogers averred in his affidavit that he had advised Davis that a suppression motion should be filed regarding the bag found under the car which contained drugs and weapons. He further stated that he "felt it extremely important to contact the driver, Jamelle Sanders, to have him testify at the suppression hearing. (ECF No. 97, p. 2)

> Counsel attempted to contact Sanders on several occasions by telephone. Counsel left messages indicating why the contact was being made, but no response was ever received. Counsel believes that the other passenger, Robert Dayz, was not contacted either because counsel was unable to get the contact information from Sanders, whom he could not reach, or because Dayz never returned his telephone calls. Nevertheless, counsel was only interested in contacting these witnesses concerning the circumstances of the stop, not to determine if the guns found were

7

traded for fake crack. Whether there had been a trade of fake crack for guns was not relevant to the investigation. The lab report indicated that cocaine was found in the bag.

*Id.*

"In order to establish a violation of § 924(c), the evidence must tend to show that the firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Sullivan*, 455 F.3d 248, 259 (4th Cir. 2006)(internal quotation marks omitted), citing *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). In determining whether a firearm furthered a drug trafficking crime, "[a] trier of fact might include . . . in its consideration . . . the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, . . . whether the gun is loaded, proximity to drugs or profits, and the time and circumstances under which the gun is found." *Id.*

In presenting the factual basis at the guilty plea hearing, the Assistant United States Attorney summarized what transpired at the traffic stop and stated that Petitioner was sitting on the passenger side of the vehicle. He indicated further:

> Officer Scott said when the tow truck arrived and lifted the vehicle the bag was located under the passenger door.[3]
>
> Officer Cox then located the black bag in Officer Scott's patrol vehicle. He opened the bag and found Davis' identification — the defendant, Davis', identification in the bag — and also a black Kel Tec Model .32 caliber handgun and also, Your Honor, a black Hi-Point handgun as well and 22 rounds of ammunition.
>
> Your honor, also, two white bags with white socks, one white bag with white powder, one white bottle with white rocks and nine blue bags with white rocks. In other words, quantities of both crack and powder cocaine were in the bag as well.

---

[3] Defense counsel clarified, and the prosecuting attorney agreed, that the bag was found under the car. (Tr. of guilty plea hearing, p. 27)

> Your honor, Mr. Davis was eventually searched, and they found $335 in his underwear. Your Honor, and also they located a white bottle of what appeared to be cocaine contained in it.

(Transcript of Guilty Plea hearing, pp. 26-27). (*See also*, Transcript of Suppression Hearing, pp. 19-20 and 46-47.)

The Court questioned the petitioner regarding whether he agreed with the prosecutor's summary and he stated, "Yes, Sir." (*Id*., p. 27) The Court further asked him whether he was guilty of the offenses, to which he responded, "Yes, Sir." *Id*. The Presentence Report also references the November 15, 2011 search and states at ¶ 12 the following regarding the contents of the bag: "Confirmed by lab – 33.9 grams of marijuana, 1.2 grams of crack cocaine and 3 grams of powder cocaine."

On the basis of the record, including the guilty plea transcript and the transcript of the suppression hearing, the conviction and sentence on Count 3 (§ 942(c)), was based on the fact that the guns and ammunition were found in the same bag with cocaine and Davis' identification. The conviction was not based on any earlier trade which may have involved fake drugs. Therefore, any failure by counsel to confirm with Sanders and Dayz that an earlier trade occurred involving fake drugs would be irrelevant to defense to the charged offense.

Also, as argued by counsel for the government, Davis confirms Rogers' accurate legal advice in his memorandum: "In a subsequent meeting, [defense counsel] Roger[s] advised Davis that upon investigation of his case, that Sanders and Davis did not provide him with any information that was favorable, Roger[s] further advised that the Impossibility defense was inapplicable due to the lack of proof on his behalf. Roger[s] finally advised Davis that based on

his investigation and his assessment of the facts, it would be in his best interest to plead guilty and cooperate to obtain a sentence reduction." (ECF No. 85-1, at p. 3) In short, trial counsel clearly did an adequate job of investigating the case. As the Fourth Circuit and the Supreme Court have noted, there is a strong presumption that a trial counsel's conduct falls within the wide range of reasonable professional assistance. In the present case, Rogers did more than an adequate job in attempting to investigate the case. He attempted to contact the witnesses and fully litigated the suppression issue. See ECF No. 77 (suppression hearing transcript).

Finally, Davis's position is inconsistent with his sworn statements in the Rule 11 colloquy. During the colloquy, he stated under oath that (1) he was satisfied with the manner in which his lawyer had advised and represented him; (2) he had talked with his lawyer for as often and for as long as he felt necessary for the attorney to represent him; (3) he understood the conversations he had with his lawyer; (4) he did not need more time to talk with his lawyer; (5) his lawyer had done everything for him that Davis felt his lawyer should have done or could have done for him; (6) his lawyer had not failed to do anything that Davis had asked him to do; (7) he was satisfied with his lawyer's services; and (8) he had no complaint to make to the court about his lawyer. (ECF No. 76, at pp. 6-7) His claim also contradicts his statements under oath in which he admitted that he was guilty of the charges set forth in Count 3. *See* ECF No. 76, at pp.15-28.

Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he made during the plea colloquy. *Burket v. Angelone*, 208 F.3d 172, 191 (4th Cir. 2000). The representations of the defendant constitute a formidable barrier in any

subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of verity. *Id.* "In the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict a petitioner's sworn statements made during a properly-conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted). In particular, a defendant's sworn admission that he was satisfied with counsel's performance is binding unless there is "clear and convincing evidence to the contrary." *Fields v. Attorney General of State of Md.*, 956 F.2d 1290, 1299 (1992). Contrary to Davis's after-the-fact claims, the record makes plain that defense counsel provided sound legal representation. Davis made his decision to plead guilty based on at least adequate counsel and advice. *See McMann v Richardson*, 397 U.S. 759, 769 (1970).

For all of the above reasons, Petitioner's first ground lacks merit.

**Lapse of More Favorable Alleged Plea Offer**

In his second ground, Davis claims his counsel was ineffective because the government allegedly offered him a conditional plea to Counts One and Two and a stipulated sentence of 120 months. Counsel allegedly advised Davis not to accept this plea until counsel could complete his investigation and try to negotiate a lower plea offer. (ECF No. 85-1, at pp. 5-6)

Davis' allegations are unsupported other than by a declaration of his mother, Rita Davis, in which she states that she "discussed (with Rogers) the government's plea offer of 10 years in exchange of Christopher Davis (Son) agreement to cooperate and plead guilty." Attorney Rogers stated in his affidavit that "[t]here had never been a more favorable plea offer before the Motion to Suppress hearing was held." (ECF No. 97, p. 3) In its memorandum, the government

"denies that it ever made an offer in which Davis could plead guilty to Counts 1 and 2 in exchange for a stipulated sentence of 120 months."  (ECF No. 98, p. 13)

Petitioner does not point to any email, letter, draft plea agreement or other document in which the government offered to allow Davis to plead to Counts 1 and 2 in exchange for a stipulated sentence of 120 months. He and his mother simply make  conclusory statements that counsel told him of this supposed offer prior to any motion to suppress. However, the burden is on Davis to present sufficient evidence to demonstrate ineffective assistance. A naked assertion by Davis must be rejected. A similar claim was made by a defendant in a §2255 proceeding in *Martin v. United States*, 789 F.3d 703, 707 (7th Cir. 2015).  In rejecting a claim that counsel was ineffective in advising against acceptance of an alleged plea offer, the Seventh Circuit held that the defendant had failed to prove the existence of the alleged plea offer and that the district court did not abuse its discretion in summarily dismissing the §2255 motion:

> A claim of ineffective assistance of counsel with respect to the plea negotiation process presupposes the existence of a plea agreement. Before requiring the district court to reopen a petitioner's case, *Gallo–Vasquez* sensibly requires some threshold showing of the evidentiary basis, beyond mere conclusory allegations, that supports a finding that the government in fact offered a plea deal. This preliminary burden is not meant to be onerous. It may be satisfied in a number of ways—a copy of the proposed agreement, correspondence concerning the plea, an affidavit from counsel, a statement as to when or by whom the offer was made, a detailed account of the material terms of the plea agreement, an entry on the docket setting a date for change of plea, etc. Because Martin has failed to present any evidence, apart from his vague and conclusory allegations, showing that the government in fact offered a 30–year plea agreement, we hold that the district court did not abuse its discretion in summarily dismissing his petition.

The Court finds the reasoning of *Martin* to be persuasive.  In the case at bar, Petitioner has not presented any documentation of the alleged plea offer except for the conclusory allegations of himself and his mother.  This ground accordingly lacks merit.  In addition, Davis'

argument contradicts with his testimony at the plea colloquy.

Even if the Court assumed that Rogers advised Davis to reject a plea offer in which Davis could plead guilty to Counts 1 and 2 in exchange for a stipulated sentence of 120 months, Davis' version of the reasons Rogers gave for his advice not to accept the offer would have shown that the alleged advice was for valid strategic reasons. Under Davis' version, "Roger[s] advised Davis to delay acceptance of this plea so that he could negotiate a lower plea offer without the drugs included and until he completed his investigation." (ECF No. 85-1, p. 6)  Under Davis's version of events, Rogers told him to delay acceptance of the plea offer so Rogers could further investigate the case and negotiate a better plea offer. Under this version of facts, Rogers made a strategic decision that Davis should reject the supposed plea offer in an attempt to negotiate a better offer (or perhaps have the entire case dismissed if the suppression motion had been granted).

As noted above, "a reviewing court applies a strong presumption that a trial counsel's conduct falls "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A court should not "second guess" defense counsel's performance. *Strickland*, 466 U.S. at 689; *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985).  Instead, the court must recognize that "[o]missions are inevitable" and determine what is "constitutionally compelled," not just what might appear "prudent or appropriate" in the "the artificial light of hindsight." *United States v. Giannone*, 2011 WL 1576198, at *2 (D.S.C. Apr. 26, 2011). Counsel's performance must be evaluated in light of the circumstances of the representation. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).

In the present case, even if the court assumed that the government had made a 10 year

offer, trial counsel's supposed advice was reasonable.  Davis' version of the facts reveals an attorney who gave advice based on a desire to do more investigation and to attempt to obtain a better plea offer. Such a case presents a strategic decision for which a court should not second guess counsel's performance, particularly in "the artificial light of hindsight."

Although the Supreme Court has recognized that a petitioner may state a claim of ineffective assistance of counsel based on defense counsel's failure to communicate a plea offer, under *Missouri v. Frye*, 132 S.Ct. 1399 (2012), or where defense counsel advises a defendant to reject a favorable offer based on a fundamental misunderstanding of applicable legal principles, under *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), neither of these cases support Davis' claim. First, *Frye* does not apply because Davis does not allege that trial counsel failed to communicate a plea offer.  Davis' case is also distinguishable from *Lafler*, where the parties conceded that defense counsel provided ineffective assistance by incorrectly advising that he could not be convicted as a matter of law based on the facts of the case. 132 S.Ct. at 1390–91. The *Lafler* Court distinguished its facts from cases involving "an erroneous strategic prediction about the outcome of a trial," which the Court characterized as "not necessarily deficient performance." *Id*. at 1391. Unlike the facts in *Lafler*, Davis does not contend that trial counsel gave him incorrect advice that he could not be convicted as a matter of law based on the facts of the case. Instead, trial counsel supposedly sought to get Davis a better deal after doing further investigation of the case.

Also, Davis fails to explain how trial counsel's supposed advice to reject the alleged ten (10) year plea offer was objectively unreasonable. As such, he nevertheless fails to demonstrate deficient performance. Therefore, his second claim of ineffective assistance of counsel fails as

a matter of law.

**Counsel's Failure To Appeal Sufficiency of the Evidence**

In his third ground, Davis claims his counsel was ineffective because he failed to raise in his direct appeal that there was insufficient evidence to support his conviction on Count three-- using and carrying a firearm during and in relation to and possessing firearm in furtherance a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Docket # 85-1, at p. 7. This ground lacks merit.

As with his first ground, Davis appears to be proceeding under the mistaken belief that his guilty plea was based upon an earlier trade in which he allegedly traded fake cocaine for the guns later found in the duffle bag with cocaine and his identification. *See* ECF No. 85-1, at p.7 ("The facts remain: Fake drugs were traded for two firearms!"). Davis overlooks the fact that the factual basis for his guilty plea and his conviction on Count 3 (§942(c)) was that two guns were found in the same duffle bag with cocaine, ammunition and Davis's identification.  *See* ECF No. 76, pp. 25-27 (guilty plea transcript);  ECF No. 77, pp. 19-20; 46-47.  Davis' conviction was not based upon an earlier trade of fake cocaine for guns.

As noted above, the evidence in support of the guilty plea was sufficient. Evidence of drugs and guns in close proximity to one another, let alone in the same bag possessed by a defendant, is sufficient evidence to support a conviction on a §924(c) charge. *See Lomax*, 293 F.3d at 705; *United States v. Moore*, 769 F.3d 264, 270 (4th Cir. 2014); *United States v. Howard*, 773 F.3d 519, 527 (4th Cir. 2014); *United States v. Leach*, 239 Fed.Appx. 6 (4th Cir. 2007) (gun in duffle bag with cocaine and marijuana); *United States v. Brooks*, 84 Fed.Appx. 345 (4th Cir. 2004) (defendant possessed garbage bag containing marijuana and 9mm handgun

15

and sawed- off shotgun). Accordingly, Davis' argument that trial counsel was ineffective for failing to raise in his direct appeal that there was insufficient evidence to support his § 924(c) conviction is denied.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## IV.   CONCLUSION

For the reasons contained herein, petitioner's [85] motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Respondent's [99] motion for summary judgment is granted. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

**IT IS SO ORDERED**.

April 18, 2016                                   s/R. Bryan Harwell
Florence, South Carolina                 R. Bryan Harwell
                                                        United States District Judge